they had the reputation of being honest dealers, and of keeping correct books. They also proved by one member of the firm that he was their salesman and bookkeeper; that three books were ept; one by each customer, in which was entered, by the salesman, the quantity of meat sold, and its price; one by the salesman, in which similar entries were made, and a third, their shop book, in which the salesman transcribed from his sales book the sales he had made on that day. This latter book was their regular day-book, in which the accounts of their ordinary business transactions were kept. He further stated that the sales were made as specified therein, and that the amount against the defendant was correct, and which had not been paid. The day-book was then submitted to the court for its inspection, which appears to be the register of the daily sales of the plaintiffs, and to have been fairly kept— free from erasures or alterations.

The defendant objected to the introduction of the plaintiffs' day-book as evidence.

*J. Lent*, for plaintiffs.

*H. W. K. Clark*, for defendants.

HESTER, J.—Entries made by the party himself, in his own shop books, under the circumstances of this case, contemporaneous with the sales, are a part of the *res gestæ*, and admissible in evidence. The objection is therefore overruled, and the day-book admitted in evidence. 1 *Greenl. on Ev.*, § 118, *notes* (1) & (2,) and authorities there cited.

The jury found for the plaintiffs.

---

## PEOPLE EX REL. CHEEVER vs. MICKLE.

*Fourth District Court for San Francisco Co., Feb. T.*, 1858.

PUBLIC OFFICERS — SALARY.

In 1850 a law was passed creating the office of dockmasters, and providing for the payment of their salaries. In March, 1857, a law was passed abolishing the office, but

Cheever *vs* Mickle.

continuing the then incumbents in office, until January, 1858. In April, 1857, the law providing for the payment of the dockmasters was repealed—no provision being made for the then incumbents. The latter continued to discharge the duties of the office until January 1st, 1858. The auditor refusing to audit their claim for salary, they brought suit for a peremptory *mandamus*, to compel him to do so. *Held*, that there was no law making it the duty of the auditor to audit their claims —*mandamus* refused.

On rule to show cause why a peremptory *mandamus* should not issue. The requisite facts are fully stated in the opinion.

*Fabens*, for plaintiff.

*Tracy*, for defendant.

HAGER, J.—I can find no law authorising the payment of the salaries claimed to be due from the city and county of San Francisco, o the plaintiffs as dockmasters.

It is true, by the act of 1857, they were continued as legal officers until the first of January 1858, when, according to the provisions of existing laws, one harbor master is substituted in their place ; but by the subsequent act of April 18th, 1857, the law fixing and authorising the payment of their salary, was repealed—this was conceded on argument.

There is much confusion and conflict in the various statutes relating to dock and harbor masters, and although plaintiffs ought to be compensated for the services they have performed by authority of law, yet I am unable to discover any existing law fixing the amount of their salary, or that will authorise the auditor to allow or audit their claim for any particular sum.

In other words, the auditor has not refused to perform a duty enjoined upon him by law, in declining to allow or audit plaintiffs' claim.

The motion to make the writ peremptory must, therefore, be denied.

If the wife has homestead rights, the foreclosure and sale cannot divest them, if she was not made a party, and if not a party the writ of assistance cannot run against her.   If she is unlawfully interfered with in her title and possession, she has her right of action for redress and it is unnecessary for a court of equity to interfere.

It would be manifestly unjust to restrain defendants from proceeding against the whole lot ; and as plaintiffs have asked greater relief than they are entitled to, and I am unable from any facts before me to determine what, if any, rights of the wife will be jeopardised by anything defendants threaten to do, this injunction must be dissolved.   The complaint at least ought definitely to show that the wife has such a homestead as is recognised by the laws of this state, and a particular description of it should be given.

The injunction must be dissolved.